UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REID WILLIAM ROGERS,

    Petitioner,

    v.

F. FOULK, warden,

    Respondent.

                                  /

No. C 13-3794 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Reid William Rogers, an inmate at the California State Prison - Corcoran, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Rogers has filed a traverse in which he opposed the motion to dismiss. For the reasons discussed below, the court dismisses the untimely petition.

## BACKGROUND

In December 2008, Rogers pled no contest in Sonoma County Superior Court to assault with a deadly weapon, assault by means likely to produce great bodily injury, robbery, forced oral copulation, witness intimidation, and attempted sodomy. He also admitted sentence enhancement allegations for inflicting great bodily injury and for committing an offense while on bail. On February 2, 2009, Rogers was sentenced to a total of 23 years and eight months in prison.

Rogers appealed. The California Court of Appeal affirmed his conviction on August 21, 2009. He did not file a petition for review in the California Supreme Court.

More than three years later, Rogers filed several habeas petitions in the state courts. First, he filed a habeas petition in Sonoma County Superior Court on September 8, 2012; that petition was denied on November 16, 2012. Next, he filed a habeas petition in the California Court of Appeal on December 1, 2012; that petition was denied on December 21, 2012. Finally, he filed a habeas petition in the California Supreme Court on January 4, 2013; that petition was denied on April 29, 2013.

Rogers then filed this action. His federal habeas petition has a signature date of June 25, 2013, and was mailed to the U.S. District Court for the Central District of California in an envelope with what appears to be a July 10, 2013 postmark. The petition later was transferred to the Northern District of California. For purposes of the present motion, the court assumes the petition was mailed on the day it was signed, despite the absence of a proof of service. Due to Rogers' status as a prisoner proceeding *pro se*, he receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court rather than the day the document reaches the courthouse. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). His federal petition is deemed filed as of June 25, 2013.

The federal petition for writ of habeas corpus asserted two claims: (1) defense counsel provided ineffective assistance in that she represented that there was a deal for him to receive a sentence of eight years and eight months if he entered a plea of no contest when no such deal existed; and (2) petitioner's receipt of a sentence that was "harsher and greater than the plea agreement" that his attorney fabricated was cruel and unusual punishment. *See* Docket # 1 at 11. Both claims turn on the alleged misadvisement by counsel that a deal existed for an eight year and eight month sentence. The motion to dismiss does not require an evaluation of the merits of the claims; instead, the critical questions are whether the petitioner arrived in federal court by the deadline to file a habeas petition and, if not, why not.

## DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after

2

the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A-D).

Rogers' limitations period began on September 30, 2009, when the judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). After the California Court of Appeal affirmed his conviction on August 21, 2009, Rogers had forty days (i.e., until September 30, 2009) to file a petition for review in the California Supreme Court. *See* Cal. Rules of Court 8.264(b), 8.500(e). He did not file a petition for review in the California Supreme Court, so his conviction became final and the one-year statute of limitations began on September 30, 2009, when the time to file a petition for review expired.

Rogers has urged that the limitations period should have started on a later date due to newly discovered evidence in the form of the declarations attached to his petition. Each of those declarations is dated in June, July or August 2012 and each describes the declarant's recollection that he or she heard defense counsel's allegedly improper advice to Rogers in December or January – presumably meaning December 2008 or January 2009 because the plea was entered in December 2008. According to Rogers, although the "information has the appearance of being old it is new on the assumption that petitioner was not presented with this information until later. Its further newly discovered as the record reflect that petitioner had to search for witnesses in opposition to attorney for record to show that she did in fact present petitioner with a deal that she did not procure." Docket # 12 at 9 (errors in source).

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period does not start until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate of a claim is based on a habeas petitioner's knowledge of the facts supporting the claim, and not the evidentiary support for the claim. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). The time begins "'when the

3

1   prisoner knows (or through diligence could discover) the important facts, not when the prisoner
2   recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)
3   (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Here, the nature of Rogers' claims
4   is such that he would have known the important facts supporting the claims at the moment he
5   heard the judge impose the unexpected sentence. At the sentencing hearing on February 2, 2009,
6   Rogers was present and made a statement on the record before he was sentenced. The
7   sentencing judge went charge by charge and stated the sentence he imposed for each crime, *see*
8   Docket # 1-1 at 43-47 (RT at 67-71). Then the court summarized the custodial part of the
9   sentence by stating that "[t]he total term will be 23 years, eight months for Mr. Rogers," *id.* at
10  47 (RT 71). If Rogers' account is true that counsel had told him he would receive a sentence of
11  eight years and eight months, he knew then and there on February 2, 2009 that he had not
12  received the agreed-upon sentence. He may have waited until the summer of 2012 to gather the
13  declarations to prove it, but he knew the factual predicate for his claims on February 2, 2009.
14  Rogers is not entitled to have the one-year limitations period start from when he gathered the
15  declarations in the summer of 2012 because he had known about the factual predicate of his two
16  claims – i.e., that he had not received a sentence of eight years and eight months in jail – since
17  February 2, 2009. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) (§ 2254(d)(1)(D)
18  "does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers
19  every possible scrap of evidence" that might support a claim); *see generally United States v.*
20  *Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (no delayed start of limitations period under § 2255
21  for federal petitioner who was not diligent; even though he did not have access to trial
22  transcripts, the facts supporting claims which occurred at the time of his conviction could have
23  been discovered if he "at least consult[ed] his own memory of the trial proceedings"). Rogers
24  therefore does not qualify for the later starting date under 28 U.S.C. § 2244(d)(1)(D).
25      The one-year limitations period may be tolled for the "time during which a properly filed
26  application for State post-conviction or other collateral review with respect to the pertinent
27  judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, Rogers did not file any state
28  habeas petition during the one-year limitations period ending on September 30, 2010. His state

4

habeas petitions filed in September 2012 and later did not toll the limitations period that had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). He therefore receives no statutory tolling.

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631 , 645 (2010). "'A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 655 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Rogers is not entitled to any equitable tolling based on any delayed receipt of the declarations. He has not shown that he was pursuing his rights diligently or that some extraordinary circumstance stood in the way that impeded his ability to timely file his federal petition. As mentioned earlier, Rogers knew on February 2, 2009 that he had not received the sentence he expected. He has not explained why, armed with such knowledge, it took him more than three years after his conviction was affirmed to file his federal habeas petition. He certainly could have prepared his own declaration immediately stating that he had received a sentence different from that which counsel had advised him he would receive. The other declarations were not necessary for Rogers to file a federal habeas petition, and the alleged lack of those declarations did not stand in the way of him filing a federal habeas petition. Even if he did need those declarations to file a federal habeas petition, Rogers has failed to explain his extreme delay in obtaining the third party declarations that purported to recount what declarants had heard the defense attorney say about the plea deal before Rogers entered his plea. It strains reason to think that it would take more than thirty months for a man to obtain declarations from his father and sister to confirm that they heard the attorney say that there was a deal for a sentence that was roughly a third of the sentence actually imposed. And Rogers has offered no explanation why it took equally long to obtain declarations from friends and family friends who were close enough that they heard the attorney discussing the plea offer with his client. Rogers has not shown that he acted with reasonable diligence or that any extraordinary circumstance prevented a timely filing. Equitable tolling is not warranted.

5

The limitations period began on September 20, 2009 and was not statutorily or equitably tolled. The limitations period expired on September 30, 2010. Rogers' federal petition filed on June 25, 2013 is time-barred.

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 9). The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: March 6, 2014

_____
SUSAN ILLSTON
United States District Judge